UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAQUAN BEARD and ALLEN STEMBRIDGE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRAMMER LOGISTICS, INC.,<br><br>Defendant. | No.: 1:24-cv-2240<br><br><br>CLASS ACTION COMPLAINT |

## COMPLAINT

1. This is a lawsuit brought by current and former delivery drivers who work for Grammer Logistics, Inc. ("Grammer"), a delivery company headquartered in Indiana that operates delivery facilities in Port Reading, New Jersey.

2. Grammer delivers hazardous materials, including propane, butane and other commodities. According to its website, Grammer is a "safety-first transporter" and "the nation's go-to force for specialized bulk tank transport."[1]

3. As set out below, although Grammer classifies its delivery drivers, including Plaintiffs, as independent contractors, Grammer retains control and actually controls the manner and means of every material aspect of its drivers' work obligations. Accordingly, notwithstanding their classification, Grammer's drivers are employees under Indiana and New Jersey law.

4. Plaintiff Beard brings this case as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all current and former delivery drivers who have contracted with

---

[1] https://grammerlogistics.com (last visited November 26, 2024).

1

Grammer to provide delivery services for Grammer in the United States between December 2021 and the present under the Indiana Wage Payment Act, Ind. Code § 22–2–5. Plaintiff Beard alleges that Grammer violated the Indiana Wage Payment Act by taking deductions from Plaintiff's and other delivery drivers' pay.

5. Plaintiff Stembridge brings this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who provided delivery services for Grammer in the United States between December 2021 and the present, and who were not treated by Grammer as employees, under the Indiana Wage Payment Act, Ind. Code § 22–2–5. Plaintiff Stembridge alleges that Grammer violated the Indiana Wage Payment Act by taking deductions from Plaintiff's and other delivery drivers' pay.

6. Plaintiff Beard brings this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have contracted with Grammer to provide delivery services for Grammer and are based in New Jersey between December 2018 and the present, and who were not treated by Grammer as employees. Beard alleges that Grammer violated the New Jersey Wage Payment law, N.J.S.A. 34: 11-4.1(a) by taking deductions from Plaintiff's and other delivery drivers' pay.

7. Plaintiff Stembridge brings this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who provided delivery services for Grammer who were based in New Jersey between December 2018 and the present, and who were not treated by Grammer as employees. Stembridge alleges that Grammer violated the New Jersey Wage Payment law, N.J.S.A. 34: 11-4.1(a) by taking deductions from Plaintiff's and other delivery drivers' pay.

**Jurisdiction and Venue**

8. This Court has personal jurisdiction over Plaintiffs and the classes they seek to

represent pursuant to a forum selection provision in the independent contractor agreements promulgated by Grammer.

9. The Court has personal jurisdiction over Defendant Grammer because it has its corporate headquarters in Columbus, Indiana, in this judicial district.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because each of the Plaintiffs resides in a different state from the Defendant, and because, taken individually, Plaintiffs' claims, with interest and statutory penalties, exceed $75,000.

11. Venue is appropriate in this district pursuant to a forum selection provision in the independent contractor agreements promulgated by Grammer.

## Parties

12. Plaintiff Daquan Beard resides in Newark, New Jersey. Beard worked as a New Jersey based delivery driver for Grammer between July 2021 and January 2024.

13. Plaintiff Allen Stembridge resides in Avenel, New Jersey Stembridge worked as a New Jersey based delivery driver for Grammer between September 2022 and April 2024.

14. Defendant Grammer is an Indiana corporation whose headquarters are in Columbus, Indiana. Grammer operates a large terminal in Port Reading, New Jersey.

15. Grammer employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-7.

16. Grammer's annual gross volume of sales made or business done exceeds $500,000.

## Facts Common to All Counts

17. Plaintiffs performed delivery services for Grammer personally on a full-time basis out of a Grammer warehouse in Port Reading, New Jersey.

18. Plaintiff Beard and other delivery drivers who contracted directly with Grammer were required to sign an independent contractor agreement with Grammer.

19. Plaintiff Stembridge and other drivers, who performed deliveries for Grammer, but who did not have their own contract with Grammer, were likewise treated by Grammer as independent contractors.

20. Notwithstanding this classification, Plaintiffs and other drivers exercised virtually no independent control over their own work life and therefore they are employees of Grammer under Indiana and New Jersey law.

21. Plaintiffs and other drivers work full-time for Grammer, and are required to display Grammer's logo on their vehicle.

22. Plaintiffs and other drivers are not involved in the negotiation and/or arrangements between Grammer and its customers over pick up, delivery times, and other requirements.

23. As a practical matter, Plaintiffs and other drivers are not able to deliver for other companies while working for Grammer, as they operate trucks that are registered under Grammer's Motor Carrier authority, and thus can only transport merchandise for Grammer.

24. The drivers receive regular instructions from Grammer's dispatchers and are required to keep cell phones and a GPS with them at all times so that Grammer can contact them on the road to make changes to their pickup and delivery schedule.

25. There is no independent entrepreneurial opportunity for the drivers and no business to grow. Plaintiffs and other drivers do not own a route and their income is totally dependent upon their delivery schedule that is completely controlled by Grammer.

26. Grammer maintains a set of mandatory requirements to which all of its drivers must adhere. If the drivers fail to follow the multitude of rules, regulations and policies, Grammer

threatens to discipline or actually disciplines the drivers, including termination at will.

27.     The drivers exercise no independent business judgment in the performance of their jobs, nor do they have an opportunity to do so. Grammer retains for itself the right to control the drivers' work, and Grammer negotiates the prices paid by its customers for deliveries.

28.     Grammer also requires that delivery drivers pay for their own fuel and maintenance.

29.     Grammer also takes deductions from Plaintiffs' and other drivers' pay for items including insurance coverage, fines and penalties, and an escrow fund. These deductions often total hundreds of dollars a week. Both Plaintiff Beard and Plaintiff Stembridge received weekly pay statements from Grammer reflecting these various deductions taken from their pay.

## Class Allegations

30. Plaintiff Beard Brings Count I of this lawsuit on his own behalf and on behalf of the following described Class:

> Each person who, at any time between December 2021 and the date on which a Class is certified, entered into an agreement to work as a delivery driver for Grammer and was classified by Grammer as an independent contractor.

31. Plaintiff Stembridge brings Count I of this lawsuit on his own behalf and on behalf of the following described Class:

> Each person who, at any time between December 2021 and the date on which a Class is certified, provided delivery services for Grammer and was not treated by Grammer as an employee.

32. Plaintiff Beard brings Count II of this lawsuit on his own behalf and on behalf of the following described Class:

> Each person who, at any time between December 2018 and the date on which a Class is certified, was based in New Jersey, entered into an agreement to work as a delivery driver for Grammer, provided delivery services for Grammer in New Jersey, and was classified by Grammer as an independent contractor.

33. Plaintiff Stembridge brings Count II of this lawsuit on his own behalf and on behalf of the following described Class:

> Each person who was based in New Jersey and provided delivery services for Grammer in New Jersey between December 2018 and the date on which a Class is certified, and who was not treated by Grammer as an employee.

34. Upon information and belief, the number of class members in each class is in excess of 50. Accordingly, joinder of class members is impracticable. Grammer has the records necessary to identify all Class members and to calculate their recoveries.

35. The named Plaintiffs are members of the respective Classes and shares with the Classes common questions of law and fact, including whether Grammer has correctly classified its drivers as independent contractors and whether Grammer has taken unlawful deductions from their pay.

36. The claims of the named Plaintiffs are typical and representative of the claims of the Class he seeks to represent. The named Plaintiffs have suffered the same type of financial losses as other Class members.

37. Plaintiffs will fairly and adequately represent the Class. There are no conflicts that compromise their ability to represent the Class and they have retained experienced lawyers who are well versed in independent contractor/employee issues and Class action litigation.

38. Common questions predominate in this dispute and a Class action is the superior way to resolve this dispute.

## Legal Claims

### Count I – Indiana Wage Payment Act

39. Plaintiffs restate the above paragraphs as if fully set forth herein at length.

40. Grammer is an employer within the meaning of the Indiana Wage Payment Act, Ind. Code § 22–2–5.

41. The Indiana Wage Payment Act provides that an employer must employers generally must pay each employee at least semimonthly or biweekly, and not more than ten days after the wages have been earned Ind. Code § 22–2–5-1.

42. The Indiana Wage Payment Act only allows deductions to be made for a set of specifically enumerated items, and provides that, in order to be valid, deductions from employees' compensation must be in writing, signed by the employee, revocable at any time by the employee upon written notice to the employer, and agreed to in writing by the employer. Ind. Code § 22–2–6–2.

43. Grammer has withheld and diverted from the Plaintiffs' and Class members' wages amounts for an escrow fund, fines and other expenses in violation of the Indiana Wage Payment Act.

44. Pursuant to 22-2-5-2, Plaintiffs and other Class members have a private right of action against Grammer, their employer, for the full amount of wrongfully withheld or diverted wages, attorneys' fees, and costs.

### Count II – Violation of the New Jersey Wage Payment Law
### (in the alternative to Count I)

45. Plaintiffs restate the above paragraphs as if fully set forth herein at length.

46. Grammer is an employer within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34: 11-4.1(a).

47. Plaintiffs and Class members are employees within the meaning of N.J.S.A. 34:11-4.1(b).

48. Grammer has paid to Plaintiffs and Class members compensation for their services that are wages within the meaning of N.J.S.A. 34:11-4.1(c).

49. Grammer has withheld and diverted from the Plaintiffs' and Class members' wages

amounts for insurance coverage, an escrow fund, fines and other expenses.

50. Grammer withheld and diverted the wages of Plaintiffs and Class members as set forth above in violation of N.J.S.A. 34: 11-4.4 et. seq.

51. Pursuant to N.J.S.A. 34: 11-4.7, Plaintiffs and other Class members have a private right of action against Grammer, their employer, for the full amount of wrongfully withheld or diverted wages.

## **Prayer for Relief**

WHEREFORE, Plaintiffs, individually and on behalf of all drivers similarly situated, respectfully request that the Court order the following:

A. Certification of the described Classes with the named Plaintiffs as the Class representatives;

B. Judgment in Plaintiffs' favor and against the Defendant awarding compensatory, exemplary, statutory, liquidated and punitive damages;

C. An Order requiring Grammer to pay all damages, including reimbursement for all wages unlawfully withheld, and any applicable penalties under Indiana and New Jersey wage laws; and

D. All other relief to which Plaintiffs and the Classes may be entitled, including but not limited to attorneys' fees, costs and interest.

Respectfully submitted,

DAQUAN BEARD and ALLEN STEMBRIDGE, individually and on behalf of all others similarly situated,

By their attorneys,

/s/ Jeffrey A. Macey
Jeffrey A. Macey
MACEY SWANSON LLP
429 N. Pennsylvania Street, Suite 204
Indianapolis, IN  46204
Phone:  (317) 637-2345
Facsimile: (317) 637-2369
jmacey@maceylaw.com

Ravi Sattiraju
(*pro hac vice anticipated*)
SATTIRAJU & THARNEY, LLP
50 Millstone Road
Building 300, Suite 202
East Windsor, New Jersey 08520
Tel: (609) 469-2110
Fax: (609) 228-5649
rsattiraju@s-tlawfirm.com

Harold L. Lichten
(*pro hac vice anticipated*)
Olena Savytska
(*pro hac vice anticipated*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St. Suite 2000
Boston, MA 02116
(617) 994 5800
hlichten@llrlaw.com
osavytska@llrlaw.com

DATED: December 19, 2024